**IN THE UNITED STATES DISTRICT COURT**
**ARIZONA DIVISION-PHOENIX**

<div style="border">
FILED ✓  ___ LODGED
___ RECEIVED  ___ COPY

MAY 2 3 2023

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY
</div>

JOHN DOE

    Plaintiff,

v.

AMAZON, INCORPORATED,

    Defendant.

Civil Action No:

**CV23-00910-PHX-JJT**

JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES

COMES NOW, JOHN DOE, ("Plaintiff"), Pro Se, and files this Complaint against Defendants Amazon Incorporated, ("Defendant" or "Amazon") and reserves the right to amend this Complaint to add additional Defendants & their full names are revealed. Plaintiff shows the Court as follows:

## JURISDICTION AND VENUE

### 1.

The unlawful employment practices alleged in this Complaint were committed within this District and Defendant does business within this District in the State of Arizona. This matter involves allegations that the Defendants violated Federal law prohibiting discrimination and hostile environment in the work place based on ones' membership in a protected class. Jurisdiction and venue are thisefore appropriate in this Court.

## PARTIES

### 2.

1

Plaintiff is a male citizen of the United States of America and a resident of Arizona and is subject to the jurisdiction of this Court.

3.

Defendant Amazon Incorporated is a Foreign Profit Corporation doing business in the State of Arizona and within this Federal District, and at all times material hiseto has conducted business within this jurisdiction and venue. Amazon can be properly served through its registered agent, located at 1776 N. Scottsdale Rd. #442 Scottsdale (Maricopa) Arizona, 85247.

4.

Plaintiff was employed by Amazon, Inc and was in fact an employee of Amazon, assigned to work at their office in or around the Phonenix area.

5.

Defendant Amazon determined what work Plaintiff was to perform, when he would work, who would supervise that work, and exercised day to day control over his duties as an employee.

6.

Plaintiff reserves the right to amend this Complaint to include more Defendants as the Discovery process unfolds and as he learns their full names.

7.

Future Defendants are co-workers of the Plaintiff that substantially contributed to the hostile work environment and assaults against him. These are Defendants who did not

provide their full name to the Plaintiff. Plaintiff will supplement and amend this Complaint

to add these Plaintiff as he is made aware of their full name through the discovery process

or other means.

<div align="center">8.</div>

These future Defendants are residents of Arizona and may be served at their

residence or any location where they may be found.

<div align="center">

## **<u>FACTUAL ALLEGATIONS</u>**

9.
</div>

Plaintiff is neither the first nor the last to be harassed and discriminated against by

Amazon based on suspected membership in a protected class.

<div align="center">10.</div>

Throughout all times relevant to this lawsuit and unknown to Plaintiff, Defendant

Amazon was a Defendant in numerous outstanding lawsuits with egregious fact patterns of

hostile work environment and discrimination.

<div align="center">11.</div>

As a result of the Defendant's collective  harassment and Amazon's failure to take

action, Plaintiff has suffered damages, including mental and emotional suffering caused by

Defendants' misconduct. To be Clear: Plaintiff is aware that some of the following facts

may appear to be the kind of statements in which people may engage during good natured

joking or other jovial behavior with associates.  Plaintiff wants to make it clear that he had

not established this sort of relationship with referenced co-workers, and the incidents

<div align="center">3</div>

during which these comments were made were in no way contextually appropriate or a part of mutual banter.

12.

The harassment perpetrated against the Plaintiff appears to be founded in the Defendant's discovery that Plaintiff had participated in a previous lawsuit in which he prevailed in a landlord/tenant dispute in October of 2019.

13.

Apparently, Plaintiff's victory in the landlord/tenant dispute became public record in October of 2019.

14.

Unbeknownst to Plaintiff, his previous attorney had filed documentation in this law suit regarding suspected mental health conditions arising from the adverse events associated with the above referenced 2019 dispute.

15.

Less that 1 year after Plaintiff prevailed in the landlord/tenant suit, Plaintiff was hired by Amazon and began working for them on August 24, 2020.

16.

At the time Plaintiff was hired by Amazon, he was unaware that there were public filings calling his mental health into question. Plaintiff's co-workers began utilizing buzz words from these filings to harass and demean the Plaintiff—consistently referring to the Plaintiff's alleged "Trauma", Plaintiff's childhood

neighborhood, and other mental health components of the Attorney's assertions within the prayer for damages.

17.

In April of 2021 Plaintiff went to Human Resources placing them on notice of the demeaning behavior by Plaintiff's direct supervisor.

18.

At the April 2021 meeting Plaintiff directed the Human Resources representative to keep the incident confidential. The Human Resources represenative agreed that the conduct of the supervisor was "demeaning".

19.

On or around April 26, 2021 an Amazon employee working in HR loudly stated that he had been "traumatized" by his printer connection. The employee stated this loudly and in direction of the Plaintiff, as if to make a point.

20.

On April 27, 2021 a co-worker with whom the Plaintiff worked engaged in a conversation with another co-worker. During this conversation, the first individual stated that "it sounds like you've been through a (pause for emphasis) "trauma" in reference to the other party's preference for a certain automobile manufacturer. They both looked at the Plaintiff and laughed. The Security Guard for Amazon began to heckle the Plaintiff about his neighborhood in Pennsylvania being the

"hood". The only source of information regarding the Plaintiff's previous address was within the previous lawsuit filings.

21.

In early May of 2021 Plaintiff's supervisor repeatedly asked Plaintiff if he was interested in moving teams within the organization.

22.

On or around May 18, 2021 Plaintiff had additional tasks associated with his position taken away from him and delegagted to another employee without any notification or counseling as to an alleged deficient performance.

23.

On May 23, 2021 the team meeting was moved to a time and date that made it nearly impossible for the Plaintiff to attend. The Plaintiff asked for accommodations so he could be involved and kept aware on department progress, changes, etc. but his supervisor did not provide this and meetings were consistently held in the Plaintiff's absence.

24.

On May 24, 2021 Human Resources representatives were laughing in the direction of the Plaintiff talking about "disrespect" and using buzz words only associated with verbiage used by the Plaintiff's attorney in the previous lawsuit.

25.

Plaintiff was consistently exposed to unnecessary and humiliating remarks about his physical appearance. Co-worker Jill Toucedo insulted Plaintiff's stature and IT co-worker, Gerard Gibson called the Plaintiff a "shrimp" in the prescense of other employees. These comments were not made in the context of mutual banter or a relationship that had been established that would make this appropriate.

26.

On June 21, 2021 co-worker Jim (last name unknown) had the Plaintiff removed from his role that Plaintiff had assumed in furtherace of exceeding job expectations.

27.

On June 22, 2021 Plaintiff's supervisor sent an e-mail to the entire team thanking the team for their performance. Of note, the supervisor took the time to thank the Plaintiff for "cleaning the printers", a work related task often delegated to employees as a type of punishment.

28.

Not only is it common knowledge that cleaning the printers is the most low-level task in the IT industry, Plaintiff had not actually cleaned the printers in months. This comment was specifically made to humiliate and degrade the Plaintiff while other members of the team were receiving accolades.

29.

On June 22, 2021 a co-worker who will specifically be identified in the amended complaint, asked the Plaintiff if he "knew how to do this" as Plaintiff was completing an entry level, basic task on a piece of company equipment.

7

30.

For the entire month of June, co-worker Eunice (last name unknown) made statements to the Plaintiff that he was fired when she saw him walk by or conducting an IT related service.

31.

During the month of July 2021, Plaintiff was subjected to trash and debris being left on his desk when he was performing duties in other parts of the office.

32.

Throughout the summer of 2021 Plaintiff was assigned menial and insignificant duties not appropriate for his experience or salary. On July 13, 2021 Plaintiff was assigned a cart and cable cleaning task. As Plaintiff was away from his desk performing these tasks, he would return to even more trash and broken equipment littering his work space.

33.

On July 22, 2022 co-worker boisterously stated "*Man I don't care what people have to say about you*" as if to make a point that people spoke negatively about the Plaintiff.

34.

On September 1, 2021 an employee from a different shift began working overlapping time periods with the Plaintiff. This employee, Gerard Gibson, informed the Plaintiff that his team members had a "game" wherein whenever

something was broken, they would blame the Plaintiff. They called this "fucking
Tony".

<div align="center">35.</div>

"Fucking Tony" was a reference to a policy and practice the Amazon team and
workers had of purposefully blaming plaintiff for things that were not his fault in
order to create a hostile working environment. The Supervisors and final decision
makers were on notice of this game played by Amazon employees.

<div align="center">36.</div>

Mr. Gibson stated from his perspective that it appeared as if the Plaintiff was being
blamed for things he had no responsibility for or involvement. After getting to know
the Plaintiff Mr. Gibson seemed to be more firm in this conviction.

<div align="center">37.</div>

In the late summer/autumn of 2021 the security guard began taunting the Plaintiff.
The Guard would say things such things such as "talking is all youre good at" and
"you're from Kensigton".

<div align="center">38.</div>

This same security guard accused the Plaintiff of having "chaos" in his head and
stated that he was recording people at work. The Guard made numerous insulting
comments to the Plaintiff about his clothing and appearance.

<div align="center">39.</div>

On October 22, 2021 the Plaintiff required a part to complete his job duties in IT. This part was ordered for the Plaintiff, and received by Amazon, but this item was taken and hidden from the Plaintiff so he could not utilize it.

40.

On November 11, 2021 Plaintiff arrived at his desk to see it covered in filth, trash, broken parts and other debris. Some of the items were unsanitary trash items that appeared to have been taken from the bathroom and include kleenex with potential mucus. This was right in the middle of the COVID-19 pandemic and the filth and potential exposure to bodily fluids and/or germs placed the Plaintiff in fear that he was facing greater exposure to the virus.

41.

On November 30, 2021 Plaintiff again arrived to find his desk covered in garbage, food wrappers and other miscellaneous debris.

42.

On December 8, 2021 the area manager, Rachel (last name unknown) stated to the Plaintiff *was* "not normal" in a manner that was not appropriate for the conversation or environment.

43.

On December 8, 2021 after the meeting the Plaintiff returned to find his desk covered in trash and filth once again. The Plaintiff was then asked by area manager helper Sherrine (last name unknown) to return a cart to the IT cage. When Plaintiff

discovered the cart there was a large sign on the cart saying "Merry Christmas" and this cart was also covered in garbage similar to the way his desk had been.

44.

The Plaintiff verbally asked the manager and co-workers to stop doing this but felt as if he could not formally document since the Security guard had already accused the Plaintiff of recording people.

45.

The Pharmacist (to be named) called Paintiff a "loser" without provocation or context.

46.

On December 13, 2021 more trash and filth were left on the Plaintiff's desk.

47.

On December 22, 2021 random equipment was haphazardly onto Plaintiff's desk.

48.

On December 28, 2021 more equipment was left on the Plaintiff's desk in a manner as to be harassing.

49.

On December 31, 2021 the Plaintiff came to his desk to see yet more garbage, an old photo he had given to a coworker and a breast cancer sticker on his desk.

50.

On January 1, 2021 the Plaintiff's supervisor informed Plaintiff that someone had filed a complaint against Plaintiff, vaguely stating that the Plaintiff made someone

"uncomfortable". Plaintiff met with Mandy (last name unknown) from Human Resources the same day to be proactive and identify the offending behavior so he could be sure he did not repeat it.

51.

Mandy (last name unknown) from Human Resources told Plaintiff she had not heard anything about this complaint and there was nothing in the system with Plaintiff's name on it. The Complaint that supervisor told the Plaintiff about did not exist.

52.

On January 5, 2022 Plaintiff arrived at his desk to find it covered in trash and filth. This time with a sharp cutting tool and broken equipment.

53.

On January 14, 2022 Plaintiff came to his desk to find empty wrappers, plastic bags and other garbage on his desk.

54.

On January 17, 2022 Plaintiff arrived at his desk to find garbage and debris.

55.

On March 3, 2022 Plaintiff was terminated from employment under the auspices of misusing company equipment. Plaintiff had never been written up prior to this nor did Amazon conduct any official investigation.

56.

According to Amazon's own metric system for rating IT employees, Plaintiff exceed expectations. Plaintiff's response time and ability to quickly and efficiently solve technical problems exceeded every other employee on his team.

57.

Plaintiff has historically been an exceptional employee and has been offered full-time positions consistently, after working on a contract basis. Contract based employment is common in Plaintiff's line of work. Plaintiff is generally regarded as one of the best performing employees in his work environments and has numerous recognitions and communications from people at previous places of employment that support his abilities in this field.

## CLAIMS FOR RELIEF

### COUNT ONE:
### NEGLIGENT FAILURE TO PREVENT HOSTILE WORK ENVIRONMENT AND HARASSMENT

58.

Plaintiff re-alleges paragraphs 1 to 57 as if set forth fully herein.

59.

Defendant Amazon had a duty to Plaintiff to prevent harassment and discrimination on the basis of disability and failed to do so.

60.

By virtue of the aforementioned conduct by Defendants including Supervisors and Human Resourses, Defendant Amazon's deliberate and intentional toleration of harassment and discrimination, and the failure of Defendant Amazon to prevent this

harassment and discrimination, Defendants failed to use ordinary care to prevent such conduct in the workplace, causing Plaintiff to be harassed and demeaned on a regular basis.

61.

The conduct of Defendants was consciously or recklessly indifferent to the inevitable or probable consequences of its conduct in failing to remedy the harassment.

62.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to othiswise adversely affect his status as an employee.

63.

As a direct and proximate result of Defendant's actions, Plaintiff has been made the victim of acts that have adversely affected his employment status and psychological and physical well-being.

64.

Plaintiff has suffered personal injuries and physical sickness as a result of the Defendants' actions, for which Defendant Amazon is liable

65.

Defendants are thus liable to Plaintiff for damages to his peace, happiness, and feelings sustained as a result.

### COUNT TWO: NEGLIGENT AND WRONGFUL HIRING, SUPERVISION, AND RETENTION
### (Defendant Amazon)

66.

Plaintiff re-alleges paragraphs 1 to 65 as if set forth fully herein.

67.

Amazon knew of the misconduct of the other Defendants and assaults upon the Plaintiff.

68.

Amazon received actual notice of the harassment and demeaning conduct directed at the Plaintiff when Plaintiff made multiple complaints to individuals in Amazon's Human Resources Department and when Plaintiff notified his Manager.

69.

Following Plaintiff's complaints, it was foreseeable that the other Defendants would continue to engage in his harassment and other misconduct towards the Plaintiff.

70.

Amazon nonetheless failed and refused to act to protect Plaintiff from the other Defendant's harassment and threatening behavior..

71.

Amazon was willfully negligent in its supervising, and/or continuing the employment of the other harassing Defendants.

72.

By retaining Defendants after it knew or should have known of his propensity to engage in harassment and other misconduct towards Plaintiff, Amazon breached its duty to Plaintiff to provide a working environment free from verbal & physical harassment and batteries as required by state and federal law.

73.

As a result of Amazon's negligence, which was in reckless disregard for Plaintiff's and safety, Plaintiff suffered mental anguish, loss of income, humiliation, and other indignities.

74.

Amazon was willfully negligent in its hiring, supervising, and/or continuing the employment of Defendant Employees and Supervisors. Amazon provided no training and took no remedial efforts to alleviate the toxic work environment.   As a result of said negligence, which was gross and in reckless disregard for Plaintiff's heath and safety, Plaintiff has suffered mental anguish, loss of income, humiliation, and othis indignities.

75.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect his status as an employee because of their belief that Plaintiff suffers under a disability.

76.

As a direct and proximate result of Defendant's violation of 42 U.S.C. § 12101, Plaintiff has been made the victim of acts that have adversely affected his employment status and psychological and physical well-being.

77.

Plaintiff has suffered personal physical injuries and physical sickness as a result of the Defendants' actions, for which Defendant Amazon is liable under  42 U.S.C. § 12101.

**COUNT THREE:**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Defendant Amazon)**

78.

Plaintiff re-alleges paragraphs 1 to 77 as if set forth fully herein.

79.

Amazon allowed Plaintiff to be subjected to harassment and and failed to take any corrective action.

80.

Amazon's failure to act caused Plaintiff to suffer continued abuse by his supervisor.

81.

Amazon intended to inflict severe emotional distress and knew that it was a high probability that harassment and the assault inflicted upon Plaintiff would do so.

82.

Amazon's inaction and conduct actually caused severe emotional distress to Plaintiff.

83.

Amazon set out to punish Plaintiff for his complaints of harassment and assault and to deliberately retaliate against Plaintiff.

84.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to othiswise adversely affect his status as an employee because of his suspected membership in a protected class.

85.

As a direct and proximate result of Defendant's violation of 42 U.S.C. § 12101, Plaintiff has been made the victim of acts that have adversely affected his employment status and psychological and physical well-being.

<div align="center">86.</div>

Plaintiff has suffered personal physical injuries and physical sickness as a result of the Defendants' actions, for which Defendant Amazon is liable under 42 U.S.C. § 12101.

<div align="center">87.</div>

Amazon is liable for all general and special damages proximately resulting from the intentional infliction of emotional distress.

<div align="center">

**COUNT FOUR: ASSAULT**

</div>

<div align="center">88.</div>

Plaintiff re-alleges paragraphs 1 to 87 as if set forth fully hisein.

<div align="center">89.</div>

On every occasion referenceds Plaintiff was apprehensive of a potential battery from Defendants , thus experiencing an assault by the Defendants.

<div align="center">90.</div>

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to othiswise adversely affect his status as an employee because of his suspected membership in a protected class.

<div align="center">91.</div>

As a direct and proximate result of Defendant's actions, Plaintiff has been made the victim of acts that have adversely affected his employment status and psychological and physical well-being.

92.

Plaintiff has suffered personal physical injuries and physical sickness as a result of this Defendant's actions

93.

The actions of the Defendants, in purposefully placing garbage, wrappers, broken equipment and debris on Plaintiff's desk were undertaken during the time of COVID-19 and placed Plaintiff in fear and apprehension that he would face greater exposure to the virus as a result of the filth placed in his workspace. Defendants are liable for all general and special damages proximately resulting from each assault of Ms. Doe.

## COUNT ELEVEN: VIOLATION OF
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT
### (Defendant Amazon)

94.

Plaintiff re-alleges paragraphs 1 to 93 as if set forth fully herein.

95.

Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission following his termination and discrimination (in the form of harassment and hostile working enviornment) because of the actions complained of herein, including his termination.

96.

In eary 2023 Plaintiff was issued a Notice of Right to Sue with regard to his claims under Title I of the ADA. This Complaint is filed within 90 days of receipt of such notice.

97.

Defendant's actions in permitting a supervisory employee to harass Plaintiff constitutes unlawful discrimination prohibited under Title I of the ADA.

98.

Defendant's violation of Plaintiff's rights  was intentional and undertaken notwithstanding actual knowledge of its obligations under federal law to prevent and remedy harassment and discrimination by supervisory employees.

99.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to othiswise adversely affect his status as an employee because of his suspected membership in a protected class.

100.

As a direct and proximate result of Defendant's violation of Title I of the ADA, Plaintiff has been made the victim of acts that have adversely affected his employment status and psychological and physical well-being.

101.

Plaintiff has suffered personal physical injuries and physical sickness as a result of the Defendants' actions, including the purposeful exposure to garbage by Defendants, for which Defendant Amazon is liable under Title I of the ADA.

102.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a)  General damages for personal physical injury or physical sickness caused by Defendants' misconduct;

(b)  General damages for mental and emotional suffering caused by Defendants' misconduct;

(c)  Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(d)  Special damages for lost wages and benefits and prejudgment interest thiseon;

(e)  Reasonable attorney's fees and expenses of litigation;

(f)  Trial by jury as to all issues;

(g)  Prejudgment interest at the rate allowed by law;

(h)  Injunctive relief of front pay and prohibiting Defendant from furthis unlawful conduct of the type described hisein; and

(i)  All othis relief to which he may be entitled.

Respectfully submitted this day,  23rd of May, 2023

John Doe 23, May 2023

John Doe

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Phoenix District Office**
3300 North Central Avenue, Suite 690
Phoenix, AZ 85012
(602) 661-0002
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 02/22/2023

To: 

Charge No

EEOC Representative and email: 

Supervisory Investigator

---

### DISMISSAL OF CHARGE

The EEOC is closing this charge because your charge was not filed within the time limits under the law; in other words, you waited too long after the date of the alleged discrimination to file your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 540-2023-01401.

On behalf of the Commission,

For Nancy Sienko
Acting District Director

**Cc:**
Neil M Alexander
Amazon.com LLC c/o Littler Mendelson, P.C.
2301 McGee St Ste 800
Kansas City, MO 64108


Please retain this notice for your records.