```
                    FILED  ___ LODGED
                    ___ RECEIVED ___ COPY

                       MAY 2 3 2023

                    CLERK U S DISTRICT COURT
                      DISTRICT OF ARIZONA
                    BY_____ DEPUTY
```

IN THE UNITED STATES DISTRICT COURT
ARIZONA DISTRICT- PHOENIX

John Doe

v

AMAZON INC.,

Case Number  **CV23-00910-PHX-JJT**

## MOTION FOR LEAVE OF COURT TO PROCEED UNDER A PSUEDONYM

COMES NOW, John Doe, and hereby moves for leave of this Honorable Court to proceed with litigation anonymously—sealing the original complaint and henceforth moving forward with litigation under the pseudonym "John Doe". Plaintiff states as follows:

1) Plaintiff is bringing this cause of action under violations of federal law and other legal theories of hostile work environment and discrimination based on the Defendant's belief that Plaintiff is a member of a protected class[1].

2) Plaintiff alleges that Defendant Amazon allowed for a workplace environment of discrimination, demeaning behavior and harassment due to

---

[1] Plaintiff's coworkers read public documents filed by Plaintiff's attorney in another lawsuit making assertions about Plaintiff's mental health, the veracity of which are not relevant for purposes of this suit.

1

their belief that Plaintiff suffered from severe mental and emotional distress based on public documents regarding Plaintiff's involvement in a prior legal matter.

3) In 2019 Plaintiff prevailed in a civil lawsuit against a landlord who engaged in an unlawful eviction.

4) Plaintiff's prior attorney in that matter, apparently trying to "pad" additional claims for compensation, made grossly exaggerated statements regarding the mental distress Plaintiff suffered as a result of being locked out of his residence.

5) Shortly after the 2019 judgment in the Plaintiff's favor, the entire case file was available online. A simple search of the Plaintiff's name online instantly revealed the landlord/tenant dispute, the first page of which detailed emotional & mental damages assertions the previous attorney made on the Plaintiff's behalf.

6) The Plaintiff's current lawsuit is premised upon his supervisors and co-workers viewing of this public document and subsequent unlawful behavior towards him as a result of their belief that Plaintiff suffered from a disability.

7) The Plaintiff works in the Information Technology sector. It is common industry practice to utilize search engines and other tech tools to obtain information on coworkers in the office environment.

8) Plaintiff believes it is important to be heard on these very sensitive topics and to help establish policy that protects individuals moving forward without continuing to be ostracized in the IT industry. Furthermore, Plaintiff believes it is in the intertest of public policy that these matters are heard and fully litigated without subjecting himself to the risk of entering another workplace environment at such a serious social disadvantage.

## II. <u>MEMORANDUM OF LAW</u>

The issue in this Motion is whether the Plaintiff has sufficiently pled such a personal interest in maintaining privacy that outweighs the public's right to know the matters of the Courts.

### A. *Procedure*

As a procedural matter, in the 9th Circuit, a plaintiff seeking to proceed anonymously should proceed in one of the following ways: 1) file a complaint featuring his true name, along with a motion for a protective order, or for leave to amend to shield his identity; 2) file a complaint under a pseudonym, but attach his true name in an affidavit; or 3) file a complaint under a pseudonym, but sign his true name, verifying the complaint. Although some Circuits require plaintiffs to obtain leave of the court before filing an anonymous pleading, the Ninth Circuit does not. However, plaintiffs must obtain leave to proceed under fictitious names. *Advanced Textile,* 214 F.3d at 1063–1064, 1067–1068.

In the present case, Plaintiff has filed the complaint in his true name along with this instant motion for a protective order and leave to amend to shield his identity.

B. *Legal Standard*

. The Ninth Circuit courts have permitted plaintiffs to use pseudonyms in three situations: "(1) when identification creates a risk of retaliatory physical or mental harm (citations omitted); (2) when identification is necessary to preserve privacy in a matter of sensitive and highly personal nature (*Doe v. United Services Life Ins. Co.,* 123 F.R.D. 437 (S.D.N.Y.1988)) (plaintiff allowed to anonymously sue his insurance company as protection against being identified as a homosexual); *James v. Jacobson, Jr.,* 6 F.3d 233 (4th Cir.1992) (found district court should have allowed pseudonyms at trial in artificial insemination case in which doctor may have been father of children) and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution (quotation and citations omitted)." *Id.*

The Ninth Circuit ultimately held that a party "may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing that party's identity." *Advanced Textile,* 214 F.3d at 1068. The Ninth Circuit further held that if pseudonyms are necessary to shield a party from retaliation, the following factors should be evaluated to determine the need for anonymity: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id.* (Citations omitted). The Ninth Circuit also held that the trial court must consider the precise prejudice the motion would cause the opposing party at each stage of the proceedings, and whether the proceedings may be structured so as to mitigate that prejudice. *Id.* at 1068–1069. Finally, the Ninth Circuit held that the trial

4

court must determine whether the public's interest in the case is best served by requiring the litigants to reveal their identities. *Id.* at 1068.

C. *Application*

The Plaintiff applies the facts of his situation to the factors established in Advanced Textile.

(i)     *Severity of Threatened Harm*

Outside a man's liberty, their ability to earn a living is one of the most important rights that can be protected. There is a cognizable liberty interest, protected by due process implicated when a government employer takes action that damages a government employee's ability to earn a living. See e.g., Lentsch v. Marshall, 741 F.2d 301, 303-04 (10th Cir. 1984)(noting that an "individual's freedom to earn a living," is protected by due process. Plaintiff is NOT suggesting that he is a government employer, or raising due process issues within this Motion, but is mentioning this case law to demonstrate the importance with which the ability to earn a living is viewed.

The Plaintiff was previously subjected to a hostile work environment and discrimination from coworkers and supervisors who went on a fishing expedition for information about the Plaintiff—and what they acquired and weaponized against him was information wholly irrelevant to his sufficiency as an employee and coworker. It stands to reason that if the instant case is allowed to proceed without viable protections in place for the Plaintiff, that his next work environment would be even more intolerable given that this matter does in fact involve workplace issues. Furthermore, the nature of the bullying perpetrated by the co-workers at issue was so emasculating and demeaning as to

5

unnecessarily humiliate the plaintiff should his name become public. The Plaintiffs only other option would be to forgo bringing suit and placing everyone else in his position that comes after him at risk of facing the same harassment and discrimination.

    (ii) *Reasonableness of the fear*

The Court must consider to what extent the Plaintiff's fear is reasonable, and clearly, based on the fact that he was previously faced with harassment and discrimination due to being named in a lawsuit raising mental health issues, it is clear that the Plaintiff's fear of it happening again is well founded.

    (iii) *Vulnerability to retaliation*

The Court must also consider the Plaintiff's vulnerability to retaliation. Given Amazon's vast size and power in the commerce and online industry, it is clear that any leader in a position of power took the slightest prospective interest in making it more difficult for Plaintiff to find another job or to tarnish his reputation, they would have no problem doing so.

    (iv) *Prejudice to Defendants*

The Defendants in this matter have every opportunity to acquire information and defend their position through the acquisition of discovery documents which will not be made public.

    (v) *Public's interest court proceedings*

The Plaintiff has established that his need for anonymity outweighs the public interest in knowing his identity. It is in the interest of public policy that individuals potentially suffering under a disability or within another protected class experiencing

6

workplace discrimination and hostile environment can litigate their issues without fear of reputational harm for years to come. Especially with an organization as powerful as Amazon, with its unlimited resources to defend these accusations.

Respectfully Submitted this 23rd day of May, 2023.

*John Doe*
John Doe