**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Doe, | No. CV-23-00910-PHX-JJT |
|         Plaintiff, | **ORDER** |
| v. | |
| Amazon Incorporated, | |
|         Defendant. | |

At issue is Plaintiff's Motion for Leave of Court to Proceed under a Pseudonym (Doc. 3, Pl.'s Mot.), to which Defendant filed a Response (Doc. 12, Resp.). Also at issue are Defendant's Motion to Dismiss (Doc. 13) and Notice Regarding Certification of Conferral (Doc. 14), and Plaintiff's subsequent Motion for Leave to Amend Complaint for Damages (Doc. 17).

### 1.    Plaintiff's Motion to Proceed under a Pseudonym

In his Motion (Doc. 3), Plaintiff, who proceeds *pro se*, asks to proceed in this litigation without identifying himself because he was involved in a prior lawsuit against a landlord in which he claimed emotional and mental damages, which information was available to the public. In this lawsuit, he alleges he has suffered discrimination and harassment while working for Defendant based on co-workers' belief—allegedly arising from information in the first lawsuit—that Plaintiff suffers from mental and emotional distress. He now fears that information regarding his coworkers' bullying in the present

1   lawsuit, if made public, would "unnecessarily humiliate" him in public and "his next work

2   environment would be even more intolerable." (Doc. 3 at 5-6.)

3       In its Response, Defendant PillPack LLC[1] argues that Plaintiff fails to make a

4   showing that this is an exceptional case warranting Plaintiff's anonymity, and the Court

5   agrees. In the Ninth Circuit, courts "start with a strong presumption in favor of access to

6   court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir.

7   2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.

8   2003)). "[T]he identity of the parties in any action, civil or criminal, should not be

9   concealed except in an unusual case, where there is a need for the cloak of anonymity.

10  Where it is necessary, however, to protect a person from harassment, injury, ridicule, or

11  personal embarrassment, courts have permitted the use of pseudonyms." *U.S. v. Doe*, 655

12  F.2d 920, 922 n.1 (9th Cir. 1980). Among other limited situations, an unusual case

13  compelling anonymity arises "when identification creates a risk of retaliatory physical or

14  mental harm." *Does I through XXIII v. Advanced Textile Corp.*. 214 F.3d 1058, 1068 (9th

15  Cir. 2000) (internal quotations and citations omitted). Where, as here, Plaintiff fears

16  retaliation from identification, a court should consider "(1) the severity of the threatened

17  harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's

18  vulnerability to retaliation." *Id.*

19      Plaintiff expresses fear of retaliation in the workplace, but that retaliation is

20  precisely the behavior for which the employer may be liable under the Americans with

21  Disabilities Act (ADA) and its sister civil rights laws. Indeed, Plaintiff brings his claims in

22  this lawsuit under those laws. Plaintiff's claims are not more serious or threatening than

23  any the Court resolves under the federal employment civil rights laws. As a result, the

24  Court does not find the severity of threatened harm or reasonableness of Plaintiff's fears

25  rise to an unusual level in this case, or that Plaintiff is more vulnerable to retaliation than

26  any employee. The case is not akin to those in which plaintiffs have been permitted to

27  _____

28      [1] Plaintiff named Amazon, Inc. as Defendant, but PillPack LLC contends that it is
    Plaintiff's employer and "Amazon, Inc." is a non-existent entity.

remain anonymous, such as when a prisoner faces retaliation in the form of serious bodily harm by fellow inmates for cooperating with the government. *U.S. v. Doe*, 655 F.2d at 922 n.1. Plaintiff seems to argue that Defendant or a future employer could use public disclosure of its alleged acts of discrimination as a badge of honor and a basis to further discriminate against Plaintiff in the workplace, but the ADA and associated laws prohibit this precise conduct.

The public's interest in open judicial proceedings outweighs Plaintiff's personal interest in anonymity in this matter. As a result, the Court will deny Plaintiff's Motion (Doc. 3) and require Plaintiff to identify himself in a proposed Amended Complaint.

**2.      Motion to Dismiss and Motion to Amend**

On May 30, 3023, the Court entered an Order (Doc. 7) requiring the parties to meet and confer before Defendant files any Motion to Dismiss to determine whether the defects in the Complaint identified by Defendant can possibly be cured by Plaintiff's amendment of the Complaint. Defendant has informed the Court (Doc. 14) that it attempted to contact Plaintiff to meet and confer, but the email was returned as undeliverable. A review of the documents reveals that Defendant used the incorrect email address; Defendant sent an email to "Amzncase111@mail.com" and Plaintiff has provided the email address of "Amzncase1111@mail.com." (*See* Doc. 14 at 4.) As such, the parties never met and conferred before Defendant filed a Motion to Dismiss (Doc. 13).

In apparent response to the Motion to Dismiss, Plaintiff filed a Motion to Amend (Doc. 17). The Court first warns Plaintiff that the filing of a Motion to Amend does not relieve Plaintiff of his obligation to respond to a pending Motion to Dismiss, and the Court may deem Plaintiff's failure to respond as consent to the granting of the Motion under the Court's Local Rules. *See* LRCiv 7.2(i). But because the parties never met and conferred in good faith before Defendant filed the Motion to Dismiss, the Court will give the parties another opportunity to do so.

The Court next notes that Plaintiff did not comply with the Local Rules in filing a Motion to Amend. Local Rule 15.1(a) requires a party moving for leave to amend a

complaint to attach a copy of the proposed amended complaint as an exhibit to the motion, "which must indicate in what respect it differs from the pleading it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." Plaintiff did not do so, and Plaintiff must comply with this and all applicable Rules in filing any future Motion to Amend.

For these reasons, the Court will strike both the Motion to Dismiss (Doc. 13) and Motion to Amend (Doc. 17). If Plaintiff believes he can cure the defects in the Complaint identified by Defendant in the Motion to Dismiss (Doc. 13), he shall file a Motion to Amend that complies with all applicable Rules, and Plaintiff must identify himself in the proposed Amended Complaint.

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion for Leave of Court to Proceed under a Pseudonym (Doc. 3).

**IT IS FURTHER ORDERED** striking Defendant's Motion to Dismiss (Doc. 13) and Plaintiff's Motion for Leave to Amend Complaint for Damages (Doc. 17).

**IT IS FURTHER ORDERED** that Plaintiff shall file a Motion to Amend Complaint by **November 17, 2023**, following all applicable rules including Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15.1(a). Plaintiff may not proceed as "John Doe" and must identify himself in the proposed Amended Complaint. The Court will deny any Motion to Amend that does not include Plaintiff's identifying information and will in that instance dismiss this action without further notice.

**IT IS FURTHER ORDERED** that, if Plaintiff fails to timely file a Motion to Amend, the Clerk of Court shall dismiss this action without further Order of the Court.

Dated this 31st day of October, 2023.

Honorable John J. Tuchi
United States District Judge